Stephanie R. Tatar (#237792)
Tatar Law Firm, APC
3500 West Olive Ave., #300
Burbank, CA 91505
T: (323) 744-1146
stephanie@thetatarlawfirm.com

Additional counsel on signature page.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAURIE SAUER**, on behalf of herself and all others similarly situated, | Case No. 8:21-cv-963 |
| *Plaintiff*, | |
| v. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| *Defendant*. | |

NOW COMES Plaintiff LAURIE SAUER, by her undersigned counsel, and complaining of Defendant EXPERIAN INFORMATION SOLUTIONS, INC., respectfully states as follows:

## I.     PRELIMINARY STATEMENT

1.     This is a consumer class action against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") for its violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1618x, and California Consumer Credit Reporting Agency Act ("CCRAA"), CAL. CIV. CODE §§ 1785.1-1785.36.

2.      In violation of the FCRA and CCRAA, Experian furnishes consumer reports for the impermissible purpose of pre-litigation asset investigation about thousands of consumers every year, thereby invading their privacy, adversely affecting their credit scores, and placing them at increased risk of identity theft.

3.      Experian has known for years that consumer reports may not be furnished for the purpose of pre-litigation asset investigation and the Ninth Circuit Court of Appeals long ago put Experian on notice that it could not merely accept customers' blanket certifications that they would use Experian's consumer reports for lawful, permissible purposes without any further investigation of whether those customers actually do so.

## II.      PARTIES

4.      Plaintiff Laurie Sauer is a natural person and a "consumer" within the meaning of FCRA section 1681a(c) and CCRAA section 1785.3(b).

5.      Experian is a "consumer reporting agency" ("CRA") within the meaning of FCRA section 1681a(f) and a "consumer credit reporting agency" within the meaning of CCRAA section 1785.3(d).[1] Its primary place of business is in Costa Mesa, California.

## III.      JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7.      Supplemental jurisdiction exists for Plaintiff's CCRAA claims pursuant to 28 U.S.C. § 1367.

---

[1]      Throughout this complaint, CRA is used to refer to both "consumer reporting agencies" as defined by the FCRA and CCRAA.

8.     Venue lies properly in this district Court pursuant to 28 U.S.C. § 1391(b).

## IV.    FACTS

9.     Experian may furnish consumer reports to its customers only for specific purposes set forth in the FCRA, *see* 15 U.S.C. § 1681b(a)(3)(A)-(G), and the CCRAA, *see* CAL. CIV. CODE § 1785.11.

10.     For almost thirty years, as one of the major CRAs in the United States, Experian has known that furnishing a consumer report for the purpose of learning whether a potential defendant in a lawsuit has sufficient assets to satisfy a judgment is impermissible. *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991).

11.     For more than twenty years, Experian has been on notice that furnishing a consumer report for the purpose of preparing a lawsuit that sounds in negligence is impermissible. *Duncan v. Handmaker*, 149 F.3d 424, 427 (6th Cir. 1998).

12.     Experian must maintain reasonable procedures designed to limit the furnishing of consumer reports to purposes listed in the FCRA, *see* 15 U.S.C. § 1681e(a), and CCRAA, *see* CAL. CIV. CODE § 1785.14(a).

13.     For more than a decade, Experian has been on notice that its procedures must involve more than the mere reliance upon a customer's "blanket certification" that the customer will not acquire a consumer report from Experian for an impermissible purpose. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

14.     Nevertheless, Experian continues to provide consumer reports to customers that Experian knows or reasonably should know do not use the consumer

reports Experian furnishes for one of the limited permissible purposes allowed by the FCRA.

15.     One such customer is Nation Wide Search Systems, LLC ("NWSS"), a North Dakota company that holds itself out as an "Insurance Claims Location Specialist" in the business of "Professional Skip Trace & Asset Research" on its website, www.nwsearchsystems.com.

16.     On its website, NWSS states that it provides "the legal industry with verified skip trace + asset research to assist insurance companies, staff counsel and related counsel in the recovery of claims."

17.     On its website, NWSS also states that it develops "defendant profiles" and can help its customers "in determining the recovery of [their] claim."

18.     In its application to purchase consumer reports from Experian, NWSS stated that the purposes for which it would use consumer reports included ". . . to secure the current address/contact information of named defendants and witnesses for pending litigation on the behalf of insurance companies," which is plainly not an FCRA permissible purpose.

19.     Indeed, NWSS purposes for using Experian's consumer reports are not permissible purposes under either the FCRA or CCRAA.

20.     In an agreement to purchase consumer reports from Experian, NWSS affirmed a pre-printed "blanket certification" that it would only use consumer reports "in connection with a credit transaction, employment screening, or tenant screening involving the consumer on whom the information is to be furnished and solely for [NWSS's] exclusive one-time use and in accordance with the written authorization of the consumer."

21.   NWSS, however, is not by any stretch of the imagination in the business of extending credit, employment screening, tenant screening, or any other business for which it may permissibly acquire consumer reports from Experian or any other CRA, as is plainly evident by its website.

22.   Upon information and belief, NWSS never obtained written authorization from the consumers about whom it obtained consumer reports from Experian prior to doing so.

23.   NWSS's certification was false and Experian knew that fact or should have known it.

24.   Within the class period, Experian furnished thousands of consumer reports to NWSS, which NWSS used for the impermissible purpose of pre-litigation asset investigation.

25.   Upon information and belief, NWSS did not use the consumer reports Experian furnished it for any purpose permitted by the FCRA or CCRAA.

26.   Experian knew or should have known that NWSS did not intend to use the consumer reports it purchased for purposes permitted by the FCRA or CCRAA based upon its stated intentions concerning those consumer reports and the content of its website.

27.   In the alternative, Experian's belief that NWSS was using consumer reports for FCRA-permissible purposes was unreasonable and not based up any reasonable investigation or vetting of NWSS.

28.   Upon information and belief, Experian relied exclusively upon NWSS's bald, blanket certification and took no further steps to verify NWSS's identity and the purposes for which it planned to user Experian consumer reports.

29.     NWSS's very name, *Nation Wide Search Services*, to which Experian directed monthly invoices for many years, is a facial indication that NWSS did not intend to use Experian's consumer reports for any credit, tenant screening or purpose permitted by the FCRA or CCRAA.

30.     Upon information and belief, Experian did not visit NWSS's place of business prior to providing consumer reports to NWSS.

31.     Upon information and belief, Experian did not visit NWSS's website prior to providing consumer reports to NWSS, a perfunctory review of which would have revealed that NWSS was not using Experian's consumer reports for any FCRA-permissible purpose, let alone those specified in its bald, blanket certification.

32.     Experian failed to maintain reasonable procedures to avoid furnishing consumer reports to NWSS that it used for impermissible purposes.

33.     At all relevant times, Experian carried out the above-alleged actions by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Experian.

34.     On or about August 15, 2019, Experian furnished a consumer report about Plaintiff to NWSS (the "Reports").

35.     The Report was a "consumer report" as defined by FCRA section 1618a(f) and a "consumer credit report" as defined by CCRAA section 1785.3(c) because it was a communication from Experian to NWSS of information bearing on Plaintiff's credit worthiness, credit standing, or credit capacity, which Experian had collected at least in part for the purpose of serving as a factor in establishing

Plaintiff's eligibility for credit for primarily personal, family or household purposes.

36.   NWSS used the Report for pre-litigation asset investigation.

37.   Plaintiff had no knowledge of NWSS before it obtained the Reports about her.

38.   Plaintiff had not made any application for credit or services from NWSS.

39.   Plaintiff had not authorized NWSS to obtain the Report from Experian.

40.   NWSS did not use the Report about Plaintiff for any FCRA-permissible purpose.

41.   NWSS used the Report to assist an insurance company determine whether Plaintiff had sufficient assets making her an adequate target for subrogation litigation, following a car accident.

42.   As a direct and proximate result of Experian's furnishing of the Reports to NWSS, Plaintiff suffered the invasion of her privacy, diminution of her credit score, anxiety and emotional distress, and lost time seeking assistance and trying to determine to whom Experian had furnished the Reports and what, if anything, could be done about it.

43.   Plaintiff fears that Experian may furnish consumer reports or consumer credit reports about her without her authorization in the future for the purpose of pre-litigation asset research or for another impermissible purpose.

44.   Experian's actions alleged herein were willful and carried out in reckless disregard of the privacy of Plaintiff and Class Members and their rights under federal and California law.

# V.    CLASS ACTION ALLEGATIONS

45.    Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the following Classes:

### Nationwide FCRA Class

During the period beginning five (5) years prior to the filing of this action and continuing through the date of judgment, all natural persons with an address in the United States and its Territories about whom Experian prepared a consumer report that it furnished to a pre-litigation asset investigation company.

### NWSS Subclass

During the period beginning five (5) years prior to the filing of this action and continuing through the date of judgment, all natural persons with an address in the United States and its Territories about whom Experian prepared a consumer report that it furnished to Nation Wide Search Systems, LLC.

### CCRAA Class

During the period beginning seven (7) years prior to the filing of this action and continuing through the date of judgment, all natural persons with an address in the United States and its Territories about whom Experian prepared a consumer credit report that it furnished to a pre-litigation asset investigation company.

46.    Plaintiff reserves the right to amend her Class definitions as discovery may require.

47.    Members of the Classes are so numerous that joinder of all is impracticable. Upon information and belief, Experian prepared thousands of consumer reports for NWSS alone during the class period.

CLASS ACTION COMPLAINT AND JURY DEMAND

48.     Upon information and belief, Experian provides consumer reports to other asset investigation users for the FCRA-impermissible purpose of pre-litigation asset investigation and for no other purpose, without maintaining reasonable procedures to avoid furnishing consumer reports for such impermissible purposes.

49.     Questions of law and fact common to the Classes predominate over any questions affecting only individual Class members. The principal questions are:

A.     Whether Experian maintained reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed in 15 U.S.C. § 1681b as required by 15 USC § 1681e(a);

B.     Whether, as required by 15 USC § 1681e(a), Experian made a reasonable effort to verify the uses certified by pre-litigation asset investigation companies, including NWSS, prior to furnishing consumer reports;

C.     Whether Experian violated FCRA section 1681e(a) by furnishing consumer reports to, including NWSS, when it had reasonable grounds for believing that those users were not using the reports for a permissible purpose;

D.     Whether Experian maintained reasonable procedures designed to limit the furnishing of consumer credit reports to the purposes listed in CAL. CIV. CODE § 1785.11 as required by CAL. CIV. CODE § 1785.14(a);

E.     Whether, as required by CAL. CIV. CODE § 1785.14(a), Experian made a reasonable effort to verify the uses certified by pre-litigation asset

investigation companies, including NWSS, prior to furnishing consumer credit reports; and

F.    Whether Experian violated CCRAA section 1785.14(a) by furnishing consumer credit reports to pre-litigation asset investigation companies, including NWSS, when it had reasonable grounds for believing that those users were not using the reports for a permissible purpose.

50.    Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

51.    Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter and have retained counsel experience in handling FCRA claims and class actions. Neither Plaintiff nor their counsel have any interests that might cause them not to vigorously pursue the claims.

52.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

53.    Whether Experian furnished consumer reports to pre-litigation asset investigation companies, including NWSS, can be determined from business records maintained by Experian and its users.

54.  The identities of members of the Classes may be obtained from business records maintained by Experian and its users, including NWSS and other pre-litigation asset investigation companies.

55.  A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the class members in individually controlling the prosecution of their individual claims is slight because statutory damages are limited to between $100 and $1,000 under the FCRA and between $100 and $5,000 under the CCRAA. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

## VI.  CLAIMS FOR RELIEF

### COUNT I
For Experian's Violations of 15 U.S.C. § 1681b
On Behalf of Plaintiff and the Classes

56.  Plaintiff incorporates by reference the above paragraphs as though set forth at length herein.

57.  Experian violated FCRA section 1681b by furnishing consumer reports about Plaintiff and members of the Classes for the impermissible purpose of pre-litigation asset investigation.

58.  Experian's violation of the FCRA was negligent.

59.  Experian's conduct was also willful and in reckless disregard for the rights of members of the Classes because it was carried out in accordance with Experian's standard policies, practices, and procedures.

1   60.    For its violations of FCRA section 1681b, Experian is liable to Plaintiff
2   and members of the Classes for the relief sought herein.

3                                    **COUNT II**
4                  For Experian's Violations of 15 U.S.C. § 1681e(a)
5                        On Behalf of Plaintiff and the Classes

6   61.    Plaintiff incorporates by reference the above paragraphs as though set
7   forth at length herein.

8   62.    Experian violated FCRA section 1681e(a) by failing to maintain
9   reasonable procedures designed to limit the furnishing of consumer reports to the
10  permissible purposes set forth in FCRA section 1681b.

11
12  63.    Experian's violation of the FCRA was negligent.

13  64.    Experian's conduct was also willful and in reckless disregard for the
14  rights of members of the Classes because it was carried out in accordance with
15  Experian's standard policies, practices, and procedures.

16
17  65.    For its violations of FCRA section 1681e(a), Experian is liable to
18  Plaintiff and members of the Classes for the relief sought herein.

19                                   **COUNT III**
20                 For Experian's Violations of CAL. CIV. CODE § 1785.11
                         On Behalf of Plaintiff and the Classes

21  66.    Plaintiff incorporates by reference the above paragraphs as though set
22  forth at length herein.
23
24  67.    Experian violated CCRAA section 1785.11 by furnishing consumer
25  credit reports about Plaintiff and Class Members for the impermissible purpose of
26  pre-litigation asset investigation.

27  68.    Experian's violation of the CCRAA was negligent.
28

69.     Experian's conduct was also willful and in reckless disregard for the rights of members of the Classes because it was carried out in accordance with Experian's standard policies, practices, and procedures.

70.     For its violations of CCRAA section 1785.11, Experian is liable to Plaintiff and members of the Classes for the relief sought herein.

**COUNT IV**
For Experian's Violations of CAL. CIV. CODE § 1785.14(a)
On Behalf of Plaintiff and the Classes

71.     Plaintiff incorporates by reference the above paragraphs as though set forth at length herein.

72.     Experian violated CCRAA section 1785.14(a) by failing to maintain reasonable procedures designed to limit the furnishing of consumer credit reports to the permissible purposes set forth in CCRAA section 1785.11.

73.     Experian's violation of the CCRAA was negligent.

74.     Experian's conduct was also willful and in reckless disregard for the rights of members of the Classes because it was carried out in accordance with Experian's standard policies, practices, and procedures.

75.     For its violations of CCRAA section 1785.14(a), Experian is liable to Plaintiff and members of the Classes for the relief sought -herein.

**VII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

A.      certifying the proposed Classes under Federal Rule of Procedure 23 and appointing Plaintiff and her counsel to represent the Classes;

B.      awarding actual damages pursuant to 15 U.S.C. § 1681o(a) and CAL. CIV. CODE § 1785.31(a)(1);

C.      awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation of the FCRA per Class member pursuant to 15 U.S.C. § 1681n(a);

D.      awarding punitive damages in the amount of not less than $100 and not more than $5,000 per violation of the CCRAA per Class member pursuant to CAL. CIV. CODE § 1785.31(a) and (c);

E.      awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

F.      awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and CAL. CIV. CODE § 1781.31(d);

G.      pursuant to CAL. CIV. CODE § 1785.31(b), enjoining Experian from providing consumer credit reports for the purpose of pre-litigation asset investigation;

H.      pursuant to CAL. CIV. CODE § 1785.31(b), enjoining Experian to follow reasonable procedures to avoid the furnishing of consumer credit reports for pre-litigation asset investigation including, but not limited to, the following requirements:

a.      an on-site visit to its users' place of business,

b.      a check of the user's references, confirmation of the business identity of the applicant (*e.g.*, via phone directories or publicly available data such as governmental licensing information);

c.      examination of applications and supporting documentation supplied by applicants, or other reasonable methods, to detect suspect

representations, discrepancies, illogical information, suspicious patterns, factual anomalies, and other indicia of unreliability; and,

I.       granting such other and further relief as may be just and proper.

## VIII. JURY DEMAND

76.   Plaintiff demands trial by jury on all issues.

Dated: May 20, 2021                     Respectfully submitted,

                                        LAURIE SAUER, by her attorneys,

                                        */s/Stephanie Tatar*
                                        Stephanie Tatar (#237792)
                                        TATAR LAW FIRM, APC
                                        3500 West Olive Ave., #300
                                        Burbank, CA 91505
                                        T: (323) 744-1146
                                        stephanie@thetatarlawfirm.com

                                        James A. Francis*
                                        John Soumilas*
                                        FRANCIS MAILMAN SOUMILAS, P.C.
                                        1600 Market Street, Suite 2510
                                        Philadelphia, PA 19103
                                        T: (215) 735-8600
                                        F: (215) 980-8000
                                        jfrancis@consumerlawfirm.com
                                        jsoumilas@consumerlawfirm.com

                                        Seth J. Andrews*
                                        Law Offices of Kenneth Hiller PLLC
                                        6000 North Bailey Ave., Suite 1A
                                        Amherst, NY 14226
                                        T: (716) 564-3288
                                        sandrews@kennethhiller.com

                                        *Attorneys for Plaintiff*
                                        * Petition to appear *pro hac vice*
                                        forthcoming